**BARNARD AND BURK, a partnership, Plaintiff-Appellant,**

v.

**The CITY OF PULASKI, Defendant-Appellee.**

No. 15319.

United States Court of Appeals Sixth Circuit.

Feb. 26, 1964.

George Mathews, Baton Rouge, La., Boult, Hunt, Cummings & Conners, Nashville, Tenn., on brief, for appellant.

Cecil Sims, Nashville, Tenn., Tom Moore, Pulaski, Tenn., on brief, for appellee.

Before O'SULLIVAN, Circuit Judge, and BOYD and WILSON, District Judges.

PER CURIAM.

Under a contract dated October 24, 1955, the plaintiff-appellant partnership, consulting engineers, agreed to provide its services in connection with the installation of a natural gas distribution system for the defendant-appellee, the City of Pulaski, Tennessee. This action is to recover the balance allegedly due the partnership on its fee as provided in the contract. Before this non-jury case was heard in the lower court, a pre-trial order was entered which included the following stipulation:

"(3) * * * Defendant has heretofore paid plaintiff as due under said contract * * * $27.100.97, and defendant now owes plaintiff the sum of $426.74 if defendant be correct in its interpretation of its obligation under said contract. * * *

"The parties have stipulated and agreed that if plaintiff be correct in its interpretation of the contract, defendant now owes plaintiff under said contract the sum of $14,899.03.

"(4) It is agreed and stipulated by the parties that the only issue of law or fact is the correct interpretation of the contract between the parties."

The parties are in accord that the contract is in no sense ambiguous. It contains a formula for compensating the appellant engineers at a fee of six percent of "the Total Bond Issue, or Issues, sold to defray the cost of the Project." In the SPECIAL CONDITIONS section of the contract, the phrase, "Total Bond Issue," is defined to mean and include "all funds established and set apart for the development and completion of the gas project. * * *"

The trial court, finding no evidence of any action by the City of Pulaski which actually established and set apart the funds for the development and completion of the gas project aforesaid, held that the appellant engineers failed to carry the burden of proving their right to any recovery whatever, in disregard of the provisions of the stipulation herein.

As this court interprets the contract, however, the partnership is not to be compensated for its services on the basis of six percent of the face amount of all bonds authorized and issued ($700,000), but only on the basis of six percent of the bond proceeds actually used for the "development and completion," which we construe to be the same as "construction," of the gas system ($458,795.19). Since the compensation formula of the contract calls for six percent of "all funds established and set apart for the development and completion of the gas project," it follows that those funds which were not actually used for construction are not considered as being within the scope of this formula.

■■ It should be pointed out that the Board of Mayor and Aldermen of Pulaski did pass a resolution which called for the proceeds of the issued bonds to be deposited in three separate accounts, a Sinking Fund Account, a Contingency Fund Account, and a Construction Fund Account, from which latter account the actual expense of construction was withdrawn. Further, in any event there is a presumption in Tennessee law that every sworn official of a municipality performs his duty, and in the absence of proof to the contrary, this presumption will prevail. Dunlap v. Sawvel, 142 Tenn. 696, 223 S.W. 142; Lamb v. Sutton (D.C. Tenn.), 164 F.Supp. 928, 935. There was no evidence offered in the trial court to show that funds were not set apart as directed in the bond resolution aforesaid, so this presumption holds in the circumstances of this case. Therefore, the appellant is entitled to recover in this proceeding the amount stipulated to be owing it by the City of Pulaski, which amount is $426.74. Reversed and remanded.